UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61410-ALTMAN
MAGISTRATE JUDGE REID

TAVARIN DELFON JACKSON,

    Plaintiff,

v.

CHRISTOPHER GONZALEZ,
et al.,

    Defendants.
                                       /

## REPORT OF MAGISTRATE JUDGE RE: DEFENDANTS' MOTIONS TO DISMISS [ECF No. 29]

### I. Introduction

The incarcerated Plaintiff filed a *pro se* amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging excessive force during the course of his arrest. [ECF No. 11]. The Court issued a report recommending that Plaintiff's complaint proceed. [ECF No. 13]. The District Judge adopted the recommendation. [ECF No. 14]. The Defendants have now filed motions to dismiss. [ECF No. 29].

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S. D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-

2.

For the reasons set forth in this report, the instant motions to dismiss should be DENIED.

## II. Factual and Procedural Background

In his amended complaint, Plaintiff sues Christopher Gonzalez and John Doe (hereinafter referred to as Defendant Gonzalez and Defendant Doe), both police officers with the Broward County Sheriff's Office. [ECF No. 11 at 2-3].

He alleges that on January 19, 2019, at approximately 7:49 p.m., he was at the ABCO food market at 56 NW Eller Street in Deerfield Beach, Florida. [*Id*. at 5]. While there, he was confronted by Defendant Gonzalez, and fled on foot. [*Id*.]. Gonzalez told Plaintiff that if he did not stop running, he would be tased. [*Id*. at 6]. Plaintiff surrendered, only to be severely punched and kicked by both Defendants until he lost consciousness. [*Id*.].

As a result of the incident, Plaintiff suffered injuries, including bumps, bruises, and a pin fractured hip. [*Id*.]. He also suffered a seizure from blunt force trauma to the head and was transported to Broward General Hospital. [*Id*.]. Finally, Plaintiff claims that he suffered emotional damage and "PTSD." [*Id*.].

As relief, he requests medical costs and $500,000 in damages for mental anguish, emotional distress, and physical injury. [*Id*.].

Based on these alleged facts, the Undersigned recommended that Plaintiff's excessive force claim proceed. [ECF No. 13 at 6]. After the District Court adopted the report, Defendant Gonzalez was served with process [ECF No. 16], however, the summons for Defendant Doe was returned unexecuted. [ECF No. 17].

### III. The Instant Motion to Dismiss

In their Motion to Dismiss [ECF No. 29], Defendants argue this case is due to be dismissed because (1) the amended complaint [ECF No. 11] is an improper shotgun complaint, (2) Plaintiff has failed to perfect service on Defendant Doe, and (3) Plaintiff has improperly pled a fictitious party. [ECF No. 29 at 1].

Plaintiff opposes the motion, arguing that (1) it is not a shotgun complaint; (2) he cannot serve Defendant Doe because Defendant Gonzalez purposefully omitted Defendant Doe's identity from the police report and probable cause affidavit, and Deerfield Beach Police Department Internal Affairs has yet to respond to his requests for more information; and (3) he has not improperly pled a fictitious party because Defendant Gonzalez is deliberately withholding Defendant Doe's identity from him. [ECF No. 33].

### IV. Discussion

A. <u>Shotgun Pleading</u>

The leniency afforded to *pro se* litigants does not permit them to file an impermissible "shotgun" pleading. The Eleventh Circuit has identified four rough

3

types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).

Indeed, shotgun pleadings require the court to sift through rambling and

often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Here, Defendants assert that Plaintiff has filed a shotgun pleading because he "improperly lumps the defendants together when describing the incident," and does not specifically attribute conduct to either Defendant separately. [ECF No. 29 at 4]. Plaintiff's amended complaint [ECF No. 11], while succinct, is not a shotgun complaint in that it fails to notify the Defendants of the claims against them. He specifically states that he surrendered "only to be severely punched and kicked" by both Defendants. [*Id*. at 5-6]. This appears to mean that both Defendants were punching and kicking him simultaneously and suggests that Plaintiff may not know exactly which defendant executed each kick or punch given the circumstances of the incident. The District Court has already found that Plaintiff stated a sufficient claim of excessive force against each Defendant. [ECF No. 14]. Accordingly, considering that the Court must hold a *pro se* civil rights litigant to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant's motion to dismiss on

5

the basis that the amended complaint is a shotgun pleading should be DENIED.

  B. <u>Failure to Perfect Service on John Doe</u>

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, this action may be dismissed for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The requirements for process and service of process are provided in Federal Rule of Civil Procedure 4. Rule 4(c) requires that a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1).

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 120–day time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly. *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990); *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993). The rule was intended "to be a useful tool for docket management, not an instrument of oppression." *Floyd*, 900 F.2d at 1049 (*quoting United States v. Ayer*, 857 F.2d 881, 885–86 (1st Cir. 1988)).

After expiration of the 120–day time limit, Rule 4(m) provides two methods by which a plaintiff may avoid dismissal of the complaint: through a showing of "good cause" or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle and Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone–Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

Here, Plaintiff is a *pro se* litigant, proceeding *in forma pauperis*. [ECF No. 8]. Accordingly, the United States Marshal must effectuate service on behalf of the Plaintiff under 28 U.S.C. § 1915(d). When the Court "'instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant.'" *Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Thus, "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants *who provide enough information to identify the prison-guard defendant* have established good cause for Rule 4(m) purposes." *Richardson*, 598 F. 3d at 740 (emphasis added).

7

The Eleventh Circuit has further made clear that it is "unreasonable to expect prisoners to provide," for example, the current addresses of prison guard-defendants who no longer work at a prison. *See Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (*citing Richardson*, 598 F.3d at 739-40).

Here, Plaintiff has provided enough information to identify Defendant Doe. The Court initially ordered Plaintiff to amend his initial complaint [ECF No. 1], in part, because he did not give any identifying information as to the unnamed officers, other than Defendant Gonzalez, involved in his arrest. [ECF No. 9 at 2]. In his amended complaint, Plaintiff named only one John Doe, referred to by the Court as Defendant Doe. [ECF No. 11 at 2]. He described Defendant Doe as "Black" with a "bald head, full beard, muscular build." [*Id*.].

Although this information was scant because it did not include Defendant Doe's name or badge number, the Court ordered the U.S. Marshal to serve Defendant Doe based on the following description:

> Officer John Doe (Description: Black male with bald head, full beard, and muscular build, who responded as back-up to Gonzalez Badge #17631 on January 19, 2019 at 56 NW Eller Street)
> Broward County Sheriff's Office
> 300 NE 2nd Street
> Deerfield Beach, Fl 33441

[ECF No. 17 at 1]. The summons was returned unexecuted. [*Id*.]. However, the U.S, Marshal who attempted to serve the Defendant spoke to the "civil liaison," who stated that the "subject's name appears to be Darrell Williams. Williams left

Broward Sheriff's Office in 10/2019." [*Id.*]. The civil liaison further stated that no forwarding address for Williams would be provided without a court order. [*Id.*].

The Court is currently in the process of issuing a court order to the Broward County Sheriff's Office to provide the forwarding address for Defendant Doe/Darrell Williams so that the U.S. Marshal may again attempt to effectuate service of process upon Defendant Doe. The information provided by Plaintiff was clearly sufficient enough to identify Defendant Doe because the civil liaison indicated, based on the information, that the Defendant appears to be Darrell Williams.

Plaintiff has previously been granted pauper status, and thus the protections afforded *in forma pauperis* plaintiffs under *Richardson*, 598 F.3d at 738-739 and *Rance v. Rock-solid Granit USA, Inc.,* 583 F.3d 1284, 1286-88 (11th Cir. 2009), are applicable here. The delay in serving Defendant Doe is excusable, given the difficulties encountered by the *pro se* litigant in ascertaining the identity of those involved in his actual arrest. Here, the delay is not the result of plaintiff's own actions in not securing or otherwise obtaining information to identify Defendant Doe. Accordingly, the Court finds good cause to excuse Plaintiff's failure to serve Defendant Doe within 120 days as required by Rule 4(m). Defendants' motion to dismiss on this basis should therefore be DENIED.

C. <u>Fictitious Party Pleading</u>

9

Although plaintiffs are permitted to use fictitious names in their complaints, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971), fictitious-party pleading is not generally permitted in federal court. *See Richardson*, 598 F.3d at 738. However, the Eleventh Circuit has created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). What this means as a practical matter is that a plaintiff may proceed against an unnamed or fictitious defendant only when the it is clear that discovery will uncover the defendant's identity, or when the plaintiff's description of the individual is sufficiently clear to allow service of process on that defendant. *Dean*, 951 F.2d at 1215-10; *see also Bowens v. Superintendent of Miami South Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014). In *Dean*, the plaintiff proceeded *pro se* against various defendants in connection with injuries that he sustained while incarcerated. 951 F.2d at 1212-13. The plaintiff moved to join as a defendant the person who was responsible for the jail in which the plaintiff was injured. *Id.* at 1213. The plaintiff did not know the person's identity; therefore, he apparently moved to join the person as "John Doe, Chief Deputy of the Jefferson County Jail." *Id.* at 1215. The district court denied the plaintiff's motion, finding that the plaintiff's identification of the defendant was inadequate. *Id.* The Eleventh Circuit reversed, holding that because the plaintiff was *pro se*, the standard of

reviewing the complaint was less stringent. *Id.* at 1213, 1216. The court also concluded that the plaintiff's identification of the fictitious defendant was sufficient. *Id.* at 1216.

Here, as discussed above, Plaintiff has provided sufficient identification information for Defendant Doe and the Court is still in the process of executing service of process upon the Defendant. He asserts that he does not know Defendant Doe's name and that he has attempted to get this information from the "Deerfield Beach Police Station Internal Affairs" and the "Ron Cochran Public Safety Building," but has not received a response to any of his requests as of yet. Because the identify of Defendant Doe is discoverable, the incarcerated Plaintiff, therefore, has not plead a fictitious party and should be permitted to proceed against Defendant Doe at this time. *See Bowens*, 557 F. App'x at 862 (noting that a *pro se* plaintiff who was "encumbered by incarceration" could maintain a claim against an unnamed defendant "where allegations in the complaint make clear the plaintiff could uncover the names through discovery"). Accordingly, Defendants' motion to dismiss on the basis that Plaintiff has improperly pled a fictitious party should be DENIED.

### V. Conclusion

It is, therefore, recommended that Defendants' Motion to Dismiss [ECF No. 29] be DENIED.

Objections to this report may be filed with the District Judge within fourteen

days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 1st day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Tavarin Delfon Jackson**
L82317
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE

**Colin Tillinghast Hayes**
Broward Sheriff's Office
Office of the General Counsel
2601 West Broward Boulevard
Fort Lauderdale, FL 33312
954-831-8970
Email: colin_hayes@sheriff.org