**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61410-CIV-ALTMAN/Reid**

**TAVARIN DELEON JACKSON**,

    *Plaintiff*,

v.

**CHRISTOPHER GONZALEZ,** *et al.*,

    *Defendants*.

_____/

**ORDER**

**THIS MATTER** comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge Lisette M. Reid [ECF No. 39]. Judge Reid issued a report as to the Defendants' Motion to Dismiss [ECF No. 29] and recommended that the motion be denied. R&R at 11.

In that Report, Magistrate Judge Reid warned the Defendants that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice." *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Defendants did not file objections, and the time for doing so has passed

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged

that Congress' intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the Motion, the record, and the applicable law and finds no clear error in the Report. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the R&R [ECF No. 39] is **ADOPTED in full**. The Motion to Dismiss [ECF No. 29] is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of September 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Charlene Rosa, *pro se*

2